## MIRKOWICZ v. READING CO.
### No. 6018.

Circuit Court of Appeals, Third Circuit.

June 3, 1936.

Thomas J. O'Neill, of New York City (Jeremiah J. Riordan, of New York City, of counsel), for appellant.

Katzenbach, Gildea & Rudner, of Trenton, N. J. (George Gildea, of Trenton, N. J., of counsel), for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

Appellant was a member of a regular crew of brakemen in the employ of the railroad company, appellee. He was in-jured through the charged negligence of his employer. He brought his action in the United States District Court under the Acts of Congress which gave in certain cases a cause of action to injured railroad employees. At the trial judgment of nonsuit was entered against him on the sole ground that he had offered no evidence from which it could be found that he was at the time he was injured, in the language of these acts, employed in interstate commerce. The trial court had admitted (subject to a motion to strike out) testimony of the declaration of the yardmaster as to the intended destination of the cars which the crew was directed to move. The testimony was subsequently, on motion, struck out. The questions which counsel for appellant have submitted are two. We give them in their own words.

1. "Whether or not plaintiff's testimony as to instructions given by the yardmaster relative to the movement of certain cars should have been admitted in evidence."

2. "Whether or not the question of plaintiff's employment in interstate transportation at the time and place of his injuries was one of fact for the jury."

The significance of this quotation will later appear.

1. Counsel have characterized the statement in question as "instructions given by the yardmaster relative to the movement of certain cars." It was this, but it was something more than this. It was a direction or command to the appellant to do the work he was to do, coupled with a statement of the intended use of the cars upon which he worked. The ultimate fact finding, which the jury was asked to make, was that the work upon which the appellant was engaged when injured was interstate. What he did and that he did it by the direction of his employer was evidentiary, but that some one said at the time that it was interstate in character was no evidence of what it in truth was. If the statement had been made by a bystander, it clearly would not have been evidentiary. The circumstance that it was made by the yardmaster who directed the work to be done did not make it evidentiary. The ruling of the trial court, was, in effect, that what the yardmaster said, was evidence that the work was done by direction and what the thing ordered to be done was. The

jury was to determine whether it was interstate in character. The fact that the yardmaster or any one else said it was or was not was no evidence of what it was. It is true that the admission of a party of a fact is evidence of the existence of that fact, but there is nothing to bring the statement of the yardmaster within this principle. The trial court was right in holding that the statement of the yardmaster was no evidence of the interstate character of the work done.

Without prolonging this opinion to make an analysis of the cases cited by appellant, none of them are in conflict with the ruling made, but, on the contrary, support it. The learned counsel for the appellant seems to have misconceived what the ruling was. Undoubtedly evidence of what work the appellant was doing and that it was done by direction of the employer, was, as we have said, admissible. The only way to prove it was by evidence of what the direction was. What the yardmaster said was evidence of the direction given. The ruling, however, was that if he coupled his order of the work to be done with a declaration that it was interstate work, this statement was no evidence that the work was interstate work.

The case of Central R. Co. v. Sharkey (C.C.A.) 259 F. 144, supports the ruling made. There, it is true, the question of interstate employment was submitted to the jury on evidence which included statements of a boss, but the judgment was supported expressly on the ground that the evidence had been admitted without exception or objection, and that there had been no motion to strike out.

In the question before us there was both.

■ 2. The second question propounded calls for only a word of comment. As framed, it calls for an affirmative answer. "The question of the plaintiff's employment in interstate transportation," as appellant phrases it, was undoubtedly a question for the jury. No fact finding could, however, be made without evidence to support it, and the appellant concedes that the only evidence offered was the statement of the yardmaster. This would call for an affirmance of the judgment.

■ Appellant, however, has filed a supplemental brief in which the case is presented from a wholly new angle. It is now said that it is a case in which the plaintiff suffered his injuries because of a defective coupler, and the negligence charged is the failure to comply with the requirements of the Safety Appliance Act of Congress (section 2 [45 U.S.C.A. § 2]).

It is further urged that the interstate character of the employment of the injured party has no place in such cases. For this latter proposition Texas & P. R. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874, and other cases are cited.

The point now raised is new. It was not raised in the court below nor discussed in the original briefs submitted. No reply to this supplemental brief has been received. As the court below was not asked to rule upon the point now made, and did not do so, there was no ruling which could be assigned for error.

The statement of claim is broad enough to cover a claim for damages due to defective appliances. At the close of the plaintiff's case, however, counsel for defendant made a motion to strike out the testimony to which we have made reference and for a nonsuit. The latter motion was based upon the ground that there was no evidence that the plaintiff was engaged in interstate commerce. Counsel for plaintiff opposed both motions, but merely asked that the case be submitted to a jury upon the issue of "whether or not the plaintiff was engaged in interstate transportation at the time he was injured." The court allowed both motions. To these rulings exceptions were taken, but the trial judge was not asked to submit the safety appliance issue to the jury.

The first assignment of error is broad enough to include the safety appliance issue, but there was no exception taken upon which such an assignment of error could be based, and, as before stated, the original briefs did not suggest that any such question was raised on the appeal.

The question sought to be raised by the supplemental brief is, in consequence, not before us for review.

The assignments of error are overruled, and the judgment appealed from affirmed.